IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY L. CHANDLER,<br>     PETITIONER, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL NO. A-22-CV-404-RP |
| MIKE LANE,<br>     RESPONDENT. | §<br>§<br>§ | |

## ORDER

Before the Court is Petitioner's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[1] For the reasons set forth below, the Court dismisses without prejudice Petitioner's Petition for Writ of *Habeas Corpus* for failure to exhaust state court remedies.

Petitioner challenges his conviction out of the 421st Judicial District Court of Caldwell County, Texas. Petitioner indicates he pleaded guilty to theft and unauthorized use and was sentenced to eight years' imprisonment on March 21, 2022. Petitioner admits he did not appeal his conviction or file a state application for *habeas corpus* relief.

A fundamental prerequisite to federal *habeas corpus* relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

---

[1] Petitioner, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

      (B)    (i) there is an absence of available State corrective process; or
              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

The exhaustion requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). A petition under Section 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

In the present case, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law because Petitioner did not file a direct appeal or a state application for *habeas corpus* relief. Petitioner fails to allege any circumstances which would allow the court to excuse the exhaustion requirement.

It is therefore **ORDERED** that Petitioner's Petition for Writ of *Habeas Corpus* is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies, and a certificate of appealability is **DENIED**.

**SIGNED** on April 30, 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE